---

(Summit County, Ohio, Common Pleas.)
JOHN H. SPONSELLER, as administrator of the estate of JOSEPH MOHLER, deceased, v. THE CLEVELAND TERMINAL and VALLEY RAILWAY COMPANY.

---

A Justice of the Peace has no jurisdiction to try an action for causing death under sections 6134 and 6135, of the Revised Statutes. Therefore, when the plaintiff recovers in the action, he is entitled to recover his costs, although the amount is less than one hundred dollars.

---

Kohler, J.

Decision of the Court on motion to retax costs.

This action was brought by the plaintiff against the defendant to recover damages for causing the death of Joseph Mohler, deceased.

The testimony in the case showed that the decedent was about seventy-three years of age; that about six weeks prior to the injury which caused his death, he was in another railroad accident in which he received personal injuries, and for which he had previously brought an action against another railroad company; and declared in his petition that he was permanently injured. The proof further showed that the decedent had retired from business before either of the aforesaid injuries.

The case having been submitted to the jury, the jury returned a verdict for the plaintiff, but found that the damages to the beneficiary, who was a daughter, was five dollars.

The question which is now made, and the only question left for the court to decide, is as to who shall pay the costs in the action.

The defendant claims that in as much as the recovery was less than one hundred dollars ($100), a justice of the peace had jurisdiction of the case, and that therefore the plaintiff cannot recover his costs in this action.

Section 5349, of the Revised Statutes provides that "If it shall appear that a justice of the peace has jurisdiction of an action, and the same has been brought in any other court, and the judgment is less than one hundred dollars, unless the recovery be reduced below that sum by counter-claim or set-off, each party shall pay his own costs, etc."

The question raised in this action, therefore, must depend upon whether a justice of the peace had jurisdiction to try and determine this case, or cases for causing death under sections 6134 and 6135 of the Revised Statutes.

Section 6134 provides that "Whenever the death of a person shall be caused by wrongful act, neglect or default, etc.," a cause of action shall arise against the person or corporation causing said death.

Section 6125 provides that "Every such action shall be for the exclusive benefit of the wife, or husband, and children, or if there be neither of them, then of the parents and next of kin of the person whose death shall be so caused; and it shall be brought in the name of the personal representative of the deceased person; and in every such action, the jury may give such damages, not exceeding in any case ten thousand dollars, as they may think proportioned to the pecuniary injury resulting from such death, to the persons respectively for whose benefit such action shall be brought".

It will be observed by this last section referred to, that the amount of the recovery is such a sum as the jury may think proportioned to the pecuniary injury, resulting from such death.

There is no other way provided by this statute for determining the amount of the damages, except by the assessment of a jury. By the constitution and laws of our country a legal jury consists of twelve men. There is no law of our state whereby such a jury can be had before a justice of the peace. The parties to an action of this kind could not be compelled to

submit their case to any other tribunal than to a court and jury, such as is provided by the constitution and laws of the state. Hence I am of the opinion that a justice of the peace has no jurisdiction to try and determine a case of this character.

There are other considerations which appear to me as reasons why a justice of the peace should not try a case of this character and magnitude. A case of this kind involves the determination of many difficult questions of law, which a justice of the peace is not usually qualified to determine and decide.

Again, I do not think it was intended by the legislature, when the law, providing for damages for causing death was passed, that a justice of the peace should have jurisdiction to try and determine that class of cases. And if a justice of the peace is not clothed with jurisdiction to try and determine a case under said statute, then if the plaintiff recovers any amount, ever so small, he must recover his costs under the general provisions of sec. 5349.

The motion, therefore, to tax costs in this case will be overruled, and all the costs taxed to the defendant.

W. A. Martin and E. F. Voris, for Plaintiff.

Allen & Cobbs, for Defendant.